IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAYVIEW COMPANY, INC., d/b/a ) | |
| BAYVIEW INSULATION COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-41 Erie |
| ) | |
| INTERNATIONAL ASSOCIATION OF ) | |
| HEAT AND FROST INSULATORS, AND ) | |
| ASBESTOS WORKERS, LOCAL 2, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN, J.

### I.    BACKGROUND

This matter is before the Court upon cross-motions for summary judgment. The primary issue presented in the summary judgment motions is whether an arbitration award drew its essence from the relevant Project Labor Agreement ("PLA") in ordering Plaintiff, Bayview Company ("Plaintiff"), to pay to Defendant, International Association of Heat and Frost Insulators, and Asbestors Workers, Local 2 ("Defendant" or "the Union"), benefits and back pay resulting from Plaintiff's contractual violation.

The PLA provision at issue required Plaintiff to use Defendant's referral system as the exclusive means of hiring non-"core" employees to perform work on a construction project. On February 1, 2007, an arbitrator rendered a written award finding that Plaintiff had improperly failed to utilize Defendant's referral system in hiring two employees:

**Award**

      The Grievance is sustained. Bayview shall immediately cease and desist from the manner in which it is currently employing workers at the job site and comply with all of the hiring requirements of the Project Stabilization Agreement.

      Bayview is ordered to pay to the Union an amount equal to all back pay and benefits it lost as a result of Bayview's failure to abide by the Union's exclusive job referral system.

(See Plaintiff's Petition to Vacate, Exhibit B).

Plaintiff filed the instant lawsuit in the Court of Common Pleas of Erie County on March 2, 2007, seeking to vacate the portion of the arbitrator's award that ordered payment of back pay and benefits. Defendant removed the action this Court and subsequently filed a motion for summary judgment. Plaintiff filed a cross-motion for summary judgment. These motions are ripe for resolution.

**II.   DISCUSSION**

It is well settled that courts must give strong deference to an arbitrator's decision so long as it "draws its essence" from the parties' agreement. United Steelworkers' of America v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1966). Courts will overturn an arbitration award only in the rarest instances, and "have no business weighing the merits of the grievance." Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509-10 (2001).

Plaintiff contends that the award of backpay in this case constitutes a penalty or punitive damages award that is not explicitly authorized by the PLA. In support of this proposition, they cite International Union of Operating Engineers, Local 450 v. Mid Valley, Inc., 347 F.Supp. 1104 (S.D. Texas 1972). However, Mid Valley does not stand for this proposition. In Mid Valley, the district

court did overturn an arbitrator's award of back pay as being a punitive damage award not contemplated by the parties' agreement. However, the court expressly noted that the award was punitive, rather than compensatory, only because the Union had not alleged that any loss of wages or other money damages had been sustained as a result of the breach. The court grounded it's opinion in the contractual principle that, where no actual injury occurs, only nominal damages are appropriate. Id. at 1109.

In contrast, Defendant cites a great number of cases where courts have upheld compensatory damage awards, despite no express authorization for such an award in the relevant agreement, when the aggrieved party had sustained actual damage. See, e.g., Network Wire Cloth Co. V. United Steelworkers of America, 339 F.Supp. 1207 (D.N.J. 1972) (confirming an award of back pay relating to the employer's use of non-bargaining unit employees in violation of the collective bargaining agreement despite the CBA being silent as to remedies); Falstaff Brewing Corporation v. Local No. 153, International Brotherhood of Teamsters, 479 F.Supp. 850 (D.N.J. 1978) (enforcing an award to a union where the employer violated the CBA by contracting out bargaining unit work, despite the CBA's silence as to remedies).

Indeed, in Sverdrup/ARO, Inc. V. International Association of Machinists, 523 F.Supp. 143, 147 n. 7 (D.C. Tenn. 1980), the district court distinguished Mid Valley on precisely this basis:

> [Mid Valley], relied upon by the company, appears to be readily distinguishable. There, the arbitrator awarded monetary relief to the union where it had suffered no injury. Here, however, the award of overtime-pay was made, not to the union, but to the individual assignment of that work to the boilermakers.

Here, the arbitrator explicitly found that Defendant had suffered loss as a result of Plaintiff's failure to utilize members from the Defendant's referral system. At an oral hearing on these motions,

counsel for the Defendant represented that, but for the failure to have utilized the referral list, two union members would have received wages and benefits and the union would have received dues from those members. In light of the tangible nature of Defendant's injuries, Mid Valley is inapposite, as the award of back pay is properly deemed compensatory, rather than punitive. This is consistent with the well-established principle that an arbitrator generally has wide flexibility in crafting remedies that are not expressly barred by the agreement. See, e.g., Bakery & Confectionary Workers, Local 369 v. Cotton Baking Co., 514 F.2d 1235, 1237 (5th Cir. 1975). For the above reasons, we find that the arbitrator's compensatory damages award does draw its essence from the PLA.

Alternatively, Plaintiff argues that the damage award is limited by Article VII, Section 7 of the PLA which provides:

> No adjustment or decision may provide relief of any type retroactively exceeding five (5) days prior to the date of the written notice of grievance of Section 2, Step 1 above.

(Plaintiff's Brief in Support of Summary Judgment, Doc. No. 8, p. 8).

Defendant, citing Teamsters Local Union No. 764 v. J.H. Merritt Co., 770 F.2d 40 (3rd Cir. 1985), and Marino v. Writers' Guild of America, East, Inc., 992 F.2d 1480 (9th Cir. 1993), argues that Plaintiff waived this argument by failing to raise it prior to this appeal. While it is true that "a party may waive its right to raise on appeal an objection to the decision of an arbitrator when the party failed to address the objection before the arbitrator," J.H. Merritt, 770 F.2d at 42-43, the cited cases dealt with challenges to the jurisdiction of the arbitrator or to the procedures used by the arbitrators - defects which are readily apparent at the time of the arbitration hearing. Here, until the arbitrator handed down the award, Plaintiff could not have known of the alleged failure of the

arbitrator to have considered Article VII, Section 7 in fashioning a damage award.[1]  Under these facts, we do not find that Plaintiff has waived its argument relative to the operative effect of Article VII, Section 7 of the PLA.

Accordingly, we hereby find that the arbitrator's award of back pay and damages draws its essence from the PLA and, therefore, grant Defendant's Motion for Summary Judgment.  We further find that Plaintiff has not waived the argument that the back pay award may be subject to the five day retroactivity limitation in the Agreement.  As the arbitrator's award specifically retains jurisdiction over any disputes as to the award amount, we leave it to the parties and the arbitrator to determine the impact of the retroactivity provision.

---

[1] The Court notes that it is unclear from the language of the arbitration award whether the arbitrator intended Article VII, Section 7 to apply.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAYVIEW COMPANY, INC., d/b/a )<br>BAYVIEW INSULATION COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNATIONAL ASSOCIATION OF )<br>HEAT AND FROST INSULATORS, AND )<br>ASBESTOS WORKERS, LOCAL 2, )<br>)<br>Defendant. ) | Civil Action No. 07-41 Erie |

**ORDER**

AND NOW, this 7th day of June, 2007, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Motion for Summary Judgment filed by Defendant, International Association of Heat and Frost Insulators, and Asbestors Workers, Local 2, is GRANTED and the Motion for Summary Judgement filed by Plaintiff, Bayview Company, Inc., is DENIED.

The clerk is directed to mark this case closed.

/s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record. ___